UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND DIVISION

| | |
|---|---|
| RESONANT SYSTEMS, INC., d/b/a RevelHMI,<br><br>            Plaintiff,<br><br>  v.<br><br>APPLE, INC.,<br><br>            Defendant. | Case No. 7:23-cv-00077<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT FOR INFRINGEMENT OF U.S. PATENTS 8,093,767, 8,860,337, 9,941,830, AND 11,152,882**

This is an action for patent infringement arising under the Patent Laws of the United States of America, 35 U.S.C. § 1 *et seq.*, in which Plaintiff Resonant Systems, Inc., doing business as RevelHMI ("Plaintiff" or "RevelHMI") makes the following allegations against Defendant Apple, Inc. ("Defendant" or "Apple"):

**INTRODUCTION**

1. This complaint arises from Apple's unlawful infringement of the following United States patents owned by Plaintiff, which relate to improvements in haptic feedback devices: United States Patent Nos. 8,093,767 (the "'767 Patent"), 8,860,337 (the "'337 Patent"), 9,941,830 (the "'830 Patent), and 11,152,882 (the "'882 Patent") (collectively, the "Asserted Patents").

**PARTIES**

2. Plaintiff is a corporation organized and existing under the laws of the state of Washington, with a place of business at 520 South King Street, Seattle, Washington 98104.

Plaintiff is the sole owner by assignment of all right, title, and interest in the Asserted Patents, including the right to recover damages for past, present, and future infringement.

3. Defendant Apple Inc. is a publicly traded corporation organized under the laws of the State of California, with its principal place of business at One Apple Park Way, Cupertino, CA 95014. Apple may be served with process through its registered agent, CT Corporation System, at 330 North Brand Boulevard, Suite 700, Glendale, California 91203.

4. This Court has personal jurisdiction over Apple in this action at least because Apple has a regular and established places of business in this district.

## JURISDICTION AND VENUE

5. This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6. This Court has personal jurisdiction over Apple in this action because Apple has committed acts within this District giving rise to this action and has established minimum contacts with this forum such that the exercise of jurisdiction over Apple would not offend traditional notions of fair play and substantial justice. Apple, directly and through subsidiaries or intermediaries, has committed and continues to commit acts of infringement in this District by, among other things, importing, offering to sell, and selling products that infringe the Asserted Patents, and inducing others to do the same.

7. Venue is proper in this District under 28 U.S.C. §§ 1391 and 1400(b). Defendant has committed acts of infringement in this District and has regular and established places of business in this District, including its office located at 12545 Riata Vista Cir, Austin, TX 78727; 2901 S. Capital of Texas Hwy, Austin, TX 78746; 3121 Palm Way, Austin, TX 78758; 8401

Gateway Boulevard West, El Paso, TX 79925; 15900 La Cantera Parkway, San Antonio, TX 78256; and 7400 San Pedro Avenue, San Antonio, TX 78216, among others.

## COUNT I

## INFRINGEMENT OF U.S. PATENT NO. 8,093,767

8. Plaintiff realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

9. Plaintiff owns by assignment all rights, title, and interest, including the right to recover damages for past, present, and future infringement, in U.S. Patent No. 8,093,767, entitled "Linear-resonant vibration module." The '767 Patent was duly and legally issued by the United States Patent and Trademark Office on January 10, 2012. A true and correct copy of the '767 Patent is attached as Exhibit 1.

10. On information and belief, Apple makes, uses, offers for sale, sells, and/or imports certain products and services, including without limitation iPhone products (iPhone 6s, 6s Plus, 7, 7 Plus, 8, 8 Plus, X, XR, XS, XS Max, 11, 11 Pro, 11 Pro Max, SE (second generation), 12, 12 mini, 12 Pro, 12 Pro Max, 13, 13 mini, 13 Pro, 13 Pro Max, SE (third generation), 14, 14 Plus, 14 Pro, 14 Pro Max), MacBook products (MacBook Pro from 2015, MacBook from 2018, MacBook Air from 2018) and Apple Watch products (1st generation, Series 1, Series 2, Series 3, Series 4, Series 5, SE, Series 6, Series 7, SE (second generation), Series 8, and Ultra) (collectively, "Accused Products"), that directly infringe, literally and/or under the doctrine of equivalents, one or more claims of the '767 Patent.

11. The Accused Products satisfy all claim limitations of one or more claims of the '767 Patent. A claim chart comparing exemplary independent claim 1 of the '767 Patent to representative Accused Products is attached as Exhibit 2 and incorporated by reference herein.

12. By making, using, offering for sale, selling and/or importing into the United States the Accused Products, Apple has injured Plaintiff and is liable for infringement of the '767 Patent pursuant to 35 U.S.C. § 271.

13. As a result of Apple's infringement of the '767 Patent, Plaintiff is entitled to monetary damages in an amount adequate to compensate for Apple's infringement, but in no event less than a reasonable royalty for the use made of the invention by Apple, together with interest and costs as fixed by the Court.

## COUNT II

## INFRINGEMENT OF U.S. PATENT NO. 8,860,337

14. Plaintiff realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

15. Plaintiff owns by assignment all rights, title, and interest, including the right to recover damages for past, present, and future infringement, in U.S. Patent No. 9,941,830, entitled "Linear vibration modules and linear-resonant vibration modules." The '830 Patent was duly and legally issued by the United States Patent and Trademark Office on April 18, 2018. A true and correct copy of the '830 Patent is attached as Exhibit 5.

16. On information and belief, Apple makes, uses, offers for sale, sells, and/or imports certain products and services, including without limitation iPhone products (iPhone 6s, 6s Plus, 7, 7 Plus, 8, 8 Plus, X, XR, XS, XS Max, 11, 11 Pro, 11 Pro Max, SE (second generation), 12, 12 mini, 12 Pro, 12 Pro Max, 13, 13 mini, 13 Pro, 13 Pro Max, SE (third generation), 14, 14 Plus, 14 Pro, 14 Pro Max), MacBook products (MacBook Pro from 2015, MacBook from 2018, MacBook Air from 2018) and Apple Watch products (1st generation, Series 1, Series 2, Series 3, Series 4, Series 5, SE, Series 6, Series 7, SE (second generation), Series 8, and Ultra) (collectively,

"Accused Products"), that directly infringe, literally and/or under the doctrine of equivalents, one or more claims of the '830 Patent.

17. The Accused Products satisfy all claim limitations of one or more claims of the '830 Patent. A claim chart comparing exemplary independent claim 1 of the '830 Patent to representative Accused Products is attached as Exhibit 6.

18. By making, using, offering for sale, selling and/or importing into the United States the Accused Products, Apple has injured Plaintiff and is liable for infringement of the '830 Patent pursuant to 35 U.S.C. § 271.

19. As a result of Apple's infringement of the '830 Patent, Plaintiff is entitled to monetary damages in an amount adequate to compensate for Apple's infringement, but in no event less than a reasonable royalty for the use made of the invention by Apple, together with interest and costs as fixed by the Court.

## COUNT III

## INFRINGEMENT OF U.S. PATENT NO. 9,941,830

20. Plaintiff realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

21. Plaintiff owns by assignment all rights, title, and interest, including the right to recover damages for past, present, and future infringement, in U.S. Patent No. 9,941,830, entitled "Linear vibration modules and linear-resonant vibration modules." The '830 Patent was duly and legally issued by the United States Patent and Trademark Office on April 18, 2018. A true and correct copy of the '830 Patent is attached as Exhibit 5.

22. On information and belief, Apple makes, uses, offers for sale, sells, and/or imports certain products and services, including without limitation iPhone products (iPhone 6s, 6s Plus, 7,

7 Plus, 8, 8 Plus, X, XR, XS, XS Max, 11, 11 Pro, 11 Pro Max, SE (second generation), 12, 12 mini, 12 Pro, 12 Pro Max, 13, 13 mini, 13 Pro, 13 Pro Max, SE (third generation), 14, 14 Plus, 14 Pro, 14 Pro Max), MacBook products (MacBook Pro from 2015, MacBook from 2018, MacBook Air from 2018) and Apple Watch products (1st generation, Series 1, Series 2, Series 3, Series 4, Series 5, SE, Series 6, Series 7, SE (second generation), Series 8, and Ultra) (collectively, "Accused Products"), that directly infringe, literally and/or under the doctrine of equivalents, one or more claims of the '830 Patent.

23. The Accused Products satisfy all claim limitations of one or more claims of the '830 Patent. A claim chart comparing exemplary independent claim 1 of the '830 Patent to representative Accused Products is attached as Exhibit 6.

24. By making, using, offering for sale, selling and/or importing into the United States the Accused Products, Apple has injured Plaintiff and is liable for infringement of the '830 Patent pursuant to 35 U.S.C. § 271.

25. As a result of Apple's infringement of the '830 Patent, Plaintiff is entitled to monetary damages in an amount adequate to compensate for Apple's infringement, but in no event less than a reasonable royalty for the use made of the invention by Apple, together with interest and costs as fixed by the Court.

## COUNT IV

## INFRINGEMENT OF U.S. PATENT NO. 11,152,882

26. Plaintiff realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

27. Plaintiff owns by assignment all rights, title, and interest, including the right to recover damages for past, present, and future infringement, in U.S. Patent No. 11,152,882, entitled

"Oscillating-resonant-module controller." The '882 Patent was duly and legally issued by the United States Patent and Trademark Office on October 19, 2021. A true and correct copy of the '882 Patent is attached as Exhibit 7.

28. On information and belief, Apple makes, uses, offers for sale, sells, and/or imports certain products and services, including without limitation iPhone products (iPhone 6s, 6s Plus, 7, 7 Plus, 8, 8 Plus, X, XR, XS, XS Max, 11, 11 Pro, 11 Pro Max, SE (second generation), 12, 12 mini, 12 Pro, 12 Pro Max, 13, 13 mini, 13 Pro, 13 Pro Max, SE (third generation), 14, 14 Plus, 14 Pro, 14 Pro Max), MacBook products (MacBook Pro from 2015, MacBook from 2018, MacBook Air from 2018) and Apple Watch products (1st generation, Series 1, Series 2, Series 3, Series 4, Series 5, SE, Series 6, Series 7, SE (second generation), Series 8, and Ultra) (collectively, "Accused Products"), that directly infringe, literally and/or under the doctrine of equivalents, one or more claims of the '882 Patent.

29. The Accused Products satisfy all claim limitations of one or more claims of the '882 Patent. A claim chart comparing exemplary independent claim 1 of the '882 Patent to representative Accused Products is attached as Exhibit 8.

30. By making, using, offering for sale, selling and/or importing into the United States the Accused Products, Apple has injured Plaintiff and is liable for infringement of the '882 Patent pursuant to 35 U.S.C. § 271.

31. As a result of Apple's infringement of the '882 Patent, Plaintiff is entitled to monetary damages in an amount adequate to compensate for Apple's infringement, but in no event less than a reasonable royalty for the use made of the invention by Apple, together with interest and costs as fixed by the Court.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter:

a. A judgment in favor of Plaintiff that Apple has infringed, either literally and/or under the doctrine of equivalents, the '767, '337, '830, and '882 Patents;

b. A judgment and order requiring Apple to pay Plaintiff its damages, costs, expenses, and pre-judgment and post-judgment interest for Apple's infringement of the '767, '337, '830, and '882 Patents;

c. A judgment and order requiring Apple to pay Plaintiff compulsory ongoing licensing fees, as determined by the Court;

d. A judgment and order requiring Apple to provide an accounting and to pay supplemental damages to Plaintiff, including without limitation, pre-judgment and post-judgment interest and compensation for infringing products released after the filing of this case that are not colorably different from the Accused Products;

e. A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Plaintiff its reasonable attorneys' fees against Apple; and

f. Any and all other relief as the Court may deem appropriate and just under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

Dated: June 1, 2023                           Respectfully submitted,

                                              */s/ Reza Mirzaie*

                                              Reza Mirzaie (CA SBN 246953)
                                              rmirzaie@raklaw.com

Paul A. Kroeger (CA SBN 229074)
pkroeger@raklaw.com
Kristopher Davis (CA SBN 329627)
kdavis@raklaw.com
Qi Tong (CA SBN 330347)
ptong@raklaw.com
Christian W. Conkle (CA SBN 306374)
cconkle@raklaw.com
Jason Wietholter (CA SBN 337139)
jwietholter@raklaw.com
RUSS AUGUST & KABAT
12424 Wilshire Blvd. 12th Floor
Los Angeles, CA 90025
Phone: (310) 826-7474
Facsimile: (310) 826-6991

*Attorneys for Plaintiff Resonant Systems, Inc. d/b/a RevelHMI*