UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND-ODESSA DIVISION

| | |
|---|---|
| RESONANT SYSTEMS, INC. d/b/a RevelHMI,<br><br>*Plaintiff*,<br><br>v.<br><br>APPLE INC.,<br><br>*Defendant*. | Case No. 7:23-cv-00077-ADA<br><br>JURY TRIAL DEMANDED |

### DEFENDANT APPLE INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF RESONANT SYSTEMS, INC. d/b/a REVELHMI'S SECOND AMENDED COMPLAINT

Defendant Apple Inc. ("Apple") by and through its attorneys, files its Answer and Affirmative Defenses to Plaintiff Resonant Systems, Inc. d/b/a RevelHMI's ("Resonant" or "Plaintiff") Second Amended Complaint ("SAC").

### ANSWER

Apple responds to the allegations contained in the numbered paragraphs of Resonant's SAC below. Apple denies all allegations and characterizations in Resonant's SAC unless expressly admitted in the following paragraphs.

1

# INTRODUCTION[1]

1. To the extent that Paragraph 1 of the SAC asserts legal conclusions, no response is required. To the extent a response is required, Apple denies that it infringes or has infringed any claim of any of the Asserted Patents, directly or indirectly, literally or under the Doctrine of Equivalents. Apple denies any remaining allegations and contentions contained in Paragraph 1 of the SAC.

# PARTIES

2. Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations and characterizations in Paragraph 2, and therefore denies them. To the extent that Paragraph 2 of the SAC asserts legal conclusions, no response is required. To the extent a response is required, Apple denies that it infringes or has infringed any claim of the Asserted Patents, directly or indirectly, literally or under the Doctrine of Equivalents. Apple denies any remaining allegations and contentions contained in Paragraph 2 of the SAC.

3. Apple admits that it is a California corporation and that its principal place of business is at 1 Apple Park Way, Cupertino, California 95014. To the extent Paragraph 3 of the SAC asserts legal conclusions, no response is required.

4. To the extent Paragraph 4 of the SAC asserts legal conclusions, no response is required. Apple further responds that, solely for purposes of this action, it does not contest that this Court has personal jurisdiction over Apple. Apple denies any remaining allegations and contentions contained in Paragraph 4 of the SAC.

---

[1] Apple repeats the headings set forth in the SAC to simplify comparison of the SAC and this response. In doing so, Apple makes no admissions regarding the substance of the headings or any other allegations of the SAC. Unless otherwise stated, to the extent that a particular heading can be construed as an allegation, Apple specifically denies all such allegations. Where necessary, Apple makes amendments to Resonant's headings in brackets.

## **JURISDICTION AND VENUE**

5. To the extent Paragraph 5 of the SAC asserts legal conclusions, no response is required. To the extent a response is required, Apple admits that this Court has subject matter jurisdiction over actions for alleged patent infringement pursuant to 28 U.S.C. §§ 1331 and 1338(a). Apple denies any remaining allegations and contentions contained in Paragraph 5 of the SAC.

6. To the extent Paragraph 6 of the SAC asserts legal conclusions, no response is required. To the extent a response is required, Apple denies that Apple committed acts within this District giving rise to this action that has established minimum contacts with this forum such that the exercise of jurisdiction over Apple would not offend traditional notions of fair play and substantial justice. Apple further denies that it infringes or has infringed any claim of any of the Asserted Patents, directly or indirectly, literally or under the Doctrine of Equivalents. Apple denies any remaining allegations and contentions contained in Paragraph 6 of the SAC.

7. To the extent Paragraph 7 of the SAC asserts legal conclusions, no response is required. Apple admits that Resonant alleges in Paragraph 7 of its SAC that venue is proper in this District pursuant to the cited statutes. To the extent a response is required, Apple responds that, solely for purposes of this action, it does not contest that venue is proper under the cited statutes but denies that venue is convenient under 28 U.S.C. § 1404. Apple admits that it operates certain retail establishments and other facilities located at: 12545 Riata Vista Cir, Austin, TX 78727; 2901 S. Capital of Texas Hwy, Austin, TX 78746; 3121 Palm Way, Austin, TX 78758; 8401 Gateway Boulevard West, El Paso, TX 79925; 15900 La Cantera Parkway, San Antonio, TX 78256; and 7400 San Pedro Avenue, San Antonio, TX 78216. Whether such facilities constitute "regular and established places of business" involves a question of statutory interpretation, and thus, no response is required. Apple further denies that it infringes or has infringed any claim of any of the

Asserted Patents, directly or indirectly, literally or under the Doctrine of Equivalents and denies the remaining allegations and contentions contained in Paragraph 7 of the SAC.

## COUNT I

## [ALLEGED] INFRINGEMENT OF U.S. PATENT NO. 8,093,767

8. Paragraphs 1–7 of Apple's Answer are incorporated by reference as if set forth in full herein, and Apple repeats and incorporates its responses to Paragraphs 1–7.

9. To the extent Paragraph 9 of the SAC asserts legal conclusions, no response is required. Apple admits that, on its face, U.S. Patent No. 8,093,767 ("the '767 patent") states that it issued on January 10, 2012, and appears to be titled "Linear-resonant vibration module." Apple is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations and characterizations in Paragraph 9, and therefore denies them.

10. To the extent Paragraph 10 of the SAC asserts legal conclusions, no response is required. To the extent that a response is required, Apple denies the allegations and characterizations contained in Paragraph 10 of the SAC.

11. To the extent Paragraph 11 of the SAC asserts legal conclusions, no response is required. To the extent that a response is required, Apple denies the allegations and characterizations contained in Paragraph 11 of the SAC.

12. To the extent Paragraph 12 of the SAC asserts legal conclusions, no response is required. To the extent that a response is required, Apple denies the allegations and characterizations contained in Paragraph 12 of the SAC.

13. To the extent Paragraph 13 of the SAC asserts legal conclusions, no response is required. To the extent that a response is required, Apple denies the allegations and characterizations contained in Paragraph 13 of the SAC.

## COUNT II

## [ALLEGED] INFRINGEMENT OF U.S. PATENT NO. 8,860,337

14. Paragraphs 1–13 of Apple's Answer are incorporated by reference as if set forth in full herein, and Apple repeats and incorporates its responses to Paragraphs 1–13.

15. To the extent Paragraph 15 of the SAC asserts legal conclusions, no response is required. Apple admits that, on its face, U.S. Patent No. 8,860,337 ("the '337 patent") states that it issued on October 14, 2014, and appears to be titled "Linear vibration modules and linear-resonant vibration modules." Apple is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations and characterizations in Paragraph 15, and therefore denies them.

16. To the extent Paragraph 16 of the SAC asserts legal conclusions, no response is required. To the extent that a response is required, Apple denies the allegations and characterizations contained in Paragraph 16 of the SAC.

17. To the extent Paragraph 17 of the SAC asserts legal conclusions, no response is required. To the extent that a response is required, Apple denies the allegations and characterizations contained in Paragraph 17 of the SAC.

18. To the extent Paragraph 18 of the SAC asserts legal conclusions, no response is required. To the extent that a response is required, Apple denies the allegations and characterizations contained in Paragraph 18 of the SAC.

19. To the extent Paragraph 19 of the SAC asserts legal conclusions, no response is required. To the extent that a response is required, Apple denies the allegations and characterizations contained in Paragraph 19 of the SAC.

## COUNT III

## [ALLEGED] INFRINGEMENT OF U.S. PATENT NO. 9,941,830

20. Paragraphs 1–19 of Apple's Answer are incorporated by reference as if set forth in full herein, and Apple repeats and incorporates its responses to Paragraphs 1–19.

21. To the extent Paragraph 21 of the SAC asserts legal conclusions, no response is required. Apple admits that, on its face, U.S. Patent No. 9,941,830 ("the '830 patent") appears to be titled "Linear vibration modules and linear-resonant vibration modules." Apple denies that the '830 patent issued on April 18, 2018. On its face, the '830 patent appears to have issued on April 10, 2018. Apple is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations and characterizations in Paragraph 21, and therefore denies them.

22. To the extent Paragraph 22 of the SAC asserts legal conclusions, no response is required. To the extent that a response is required, Apple denies the allegations and characterizations contained in Paragraph 22 of the SAC.

23. To the extent Paragraph 23 of the SAC asserts legal conclusions, no response is required. To the extent that a response is required, Apple denies the allegations and characterizations contained in Paragraph 23 of the SAC.

24. To the extent Paragraph 24 of the SAC asserts legal conclusions, no response is required. To the extent that a response is required, Apple denies the allegations and characterizations contained in Paragraph 24 of the SAC.

25. To the extent Paragraph 25 of the SAC asserts legal conclusions, no response is required. To the extent that a response is required, Apple denies the allegations and characterizations contained in Paragraph 25 of the SAC.

## COUNT IV

## [ALLEGED] INFRINGEMENT OF U.S. PATENT NO. 11,152,882

26.     Paragraphs 1–25 of Apple's Answer are incorporated by reference as if set forth in full herein, and Apple repeats and incorporates its responses to Paragraphs 1–25.

27.     To the extent Paragraph 27 of the SAC asserts legal conclusions, no response is required. Apple admits that, on its face, U.S. Patent No. 11,152,882 ("the '882 patent") states that it issued on October 19, 2021, and appears to be titled "Oscillating-resonant-module controller." Apple is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations and characterizations in Paragraph 27, and therefore denies them.

28.     To the extent Paragraph 28 of the SAC asserts legal conclusions, no response is required. To the extent that a response is required, Apple denies the allegations and characterizations contained in Paragraph 28 of the SAC.

29.     To the extent Paragraph 29 of the SAC asserts legal conclusions, no response is required. To the extent that a response is required, Apple denies the allegations and characterizations contained in Paragraph 29 of the SAC.

30.     To the extent Paragraph 30 of the SAC asserts legal conclusions, no response is required. To the extent that a response is required, Apple denies the allegations and characterizations contained in Paragraph 30 of the SAC.

31.     To the extent Paragraph 31 of the SAC asserts legal conclusions, no response is required. To the extent that a response is required, Apple denies the allegations and characterizations contained in Paragraph 31 of the SAC.

## [ALLEGED] POST-SUIT, POST-TRIAL, AND POST-APPEAL WILLFUL INFRINGEMENT

32. To the extent Paragraph 32 of the SAC asserts legal conclusions, no response is required. To the extent that a response is required, Apple admits that it was served with Plaintiff's Complaint for patent infringement on June 7, 2023. Apple further admits that it received Plaintiff's infringement contentions on October 5, 2023. Apple denies that it infringes or has infringed any claim of any of the Asserted Patents, directly, indirectly, willfully, literally, or under the Doctrine of Equivalents. Apple denies the remaining allegations and contentions contained in Paragraph 32 of the SAC.

33. To the extent Paragraph 33 of the SAC asserts legal conclusions, no response is required. To the extent that a response is required, Apple admits that paragraph 33 of the SAC quotes a portion of an interrogatory that Plaintiff served in this case. Apple denies that it infringes or has infringed any claim of any of the Asserted Patents, directly, indirectly, willfully, literally, or under the Doctrine of Equivalents. Apple denies the remaining allegations and characterizations contained in Paragraph 33 of the SAC.

## PRAYER FOR RELIEF

The section of the SAC titled "Prayer for Relief" sets forth the statement of relief by Resonant to which no response is required. Apple denies that Resonant is entitled to any relief sought in its Prayer for Relief or otherwise.

## DEMAND FOR JURY TRIAL

The section of the SAC titled "Demand for Jury Trial" sets forth Resonant's demand for a jury trial to which no response is required.

**AFFIRMATIVE DEFENSES**

Pursuant to Federal Rule of Civil Procedure 8(c), Apple, without waiver, limitation, or prejudice, hereby asserts the affirmative defenses below. That Apple asserts these affirmative defenses is not an admission that Apple bears the burden of proof on any of these defenses.

**FIRST AFFIRMATIVE DEFENSE**

**(Patent Non-Infringement)**

34.     Resonant's claims are barred in whole or in part because Apple has not directly infringed, induced infringement, or contributed to infringement, and does not directly infringe, induce infringement, or contribute to infringement, of any valid and enforceable claim of the Asserted Patents, either literally or under the Doctrine of Equivalents, and has not otherwise committed any acts in violation of 35 U.S.C. § 271. The bases provided in these paragraphs are exemplary only and should not be construed as limiting in any way the defenses that Apple will bring in this case.

**SECOND AFFIRMATIVE DEFENSE**

**(Patent Invalidity)**

35.     Resonant's claims are barred in whole or in part because each asserted claim of the Asserted Patents is invalid for failure to comply with the requirements of 35 U.S.C. §§ 101, 102, 103, 112, and/or any other applicable statutory provisions of Title 35 of the United States Code. The prior art identified in these paragraphs is exemplary only and should not be construed as limiting in any way the defenses that Apple will present in this case.

## THIRD AFFIRMATIVE DEFENSE

### (Prosecution History Estoppel)

36. Resonant's claims are barred in whole or in part by reason of estoppel, the dedication-disclosure rule, and/or the other legal doctrines limiting the scope of the claims and their equivalents.

37. Resonant is estopped from construing any valid claim of the Asserted Patents to be infringed or to have been infringed, either literally or by application of the Doctrine of Equivalents, by any product made, used, imported, sold, or offered for sale by Apple in view of prior art and/or because of admissions, representations, and/or statements made to the Patent Office during prosecution of any application leading to the issuance of the Asserted Patents or any related patent, because of disclosures or language in the specifications of the Asserted Patents, and/or because of limitations in the claims of the Asserted Patents.

## FOURTH AFFIRMATIVE DEFENSE

### (Failure to Mark; No Damages)

38. To the extent that Resonant and/or any predecessors in interest or any licensees to the Asserted Patents failed to properly mark any of their relevant products or materials as required by 35 U.S.C. § 287, or otherwise failed to give proper notice that Apple's actions allegedly infringe the Asserted Patents, Apple is not liable to Resonant for the acts alleged to have been performed before Apple received actual notice that the accused devices were allegedly infringing the Asserted Patents.

39. Resonant's claims for relief are further barred, in whole or in part, under 35 U.S.C. §§ 286 and 288.

40.     Resonant failed to give proper notice to Apple of its claims under the Patent Laws of the United States and has failed to establish any basis for damages and/or liability prior to patent issuance.

## FIFTH AFFIRMATIVE DEFENSE

**(Laches, Equitable Estoppel, Waiver, Unclean Hands)**

41.     Resonant's attempted enforcement of the Asserted Patents against Apple is barred by the equitable doctrines of laches, estoppel, unclean hands, patent misuse, and/or waiver.

## SIXTH AFFIRMATIVE DEFENSE

**(Failure to State a Claim)**

42.     Resonant's SAC fails to state a claim upon which relief may be granted.

## SEVENTH AFFIRMATIVE DEFENSE

**(Limitation on Remedies)**

43.     Resonant's remedies are limited by 28 U.S.C. § 1498(a).

## EIGHTH AFFIRMATIVE DEFENSE

**(Not Exceptional)**

44.     Resonant's case against Apple is not exceptional under 35 U.S.C. § 285, but Resonant's filing and prosecuting of the present lawsuit which imposes upon Apple the requirement to mount a defense of this lawsuit is exceptional under 35 U.S.C. § 285.

## NINTH AFFIRMATIVE DEFENSE

**(No Willfulness)**

45.     Apple has not and does not willfully infringe any claim of any Asserted Patent.

## RESERVATION OF ALL AFFIRMATIVE DEFENSES

Apple hereby gives notice that it intends to rely upon any other matter constituting an avoidance or affirmative defense as set forth in Rule 8(c) of the Federal Rules of Civil Procedure,

and that it reserves the right to seek leave to amend this Answer to add to, amend, withdraw, or modify these defenses as its investigation continues and as discovery may require.

Date: July 10, 2024

Respectfully submitted,

/s/ *Roger A. Denning*
Roger A. Denning (Cal. Bar No. 228998)
denning@fr.com
Ryan O'Connor (Cal. Bar No. 304815)
oconnor@fr.com
Oliver Richards (Cal. Bar No. 310972)
orichards@fr.com
Joy Backer Kete (Mass. Bar No. 694323)
kete@fr.com
James Yang (Cal. Bar No. 323287)
jyang@fr.com
FISH & RICHARDSON P.C.
12860 El Camino Real, Suite 400
San Diego, CA 92130
Tel: (858) 678-5070 / Fax: (858) 678-5099

Ruffin B. Cordell (Tex. Bar No. 04820550)
cordell@fr.com
FISH & RICHARDSON P.C.
1000 Maine Ave., SW, Suite 1000
Washington, DC 20024
Tel: (202) 783-5070 / Fax: (202) 783-2331

Nitika Fiorella (Del. Bar No. 5898)
(*pro hac vice forthcoming*)
ngupta@fr.com
222 Delaware Avenue, 17th Floor
Wilmington, DE 19801
Tel: (302) 652-5070 / Fax: (302) 652-0607

Kathryn Quisenberry (Tex. Bar No. 24105639)
quisenberry@fr.com
Karrie Wheatley (Tex. Bar No. 24098605)
wheatley@fr.com
FISH & RICHARDSON P.C.
909 Fannin Street, Suite 2100
Houston, TX 77010
Tel: (713) 654-5300 / Fax: (713) 652-0109

Steven J. Wingard (Tex. Bar No. 00788694)
swingard@scottdoug.com
SCOTT, DOUGLAS & McCONNICO, L.L.P.
303 Colorado Street, Suite 2400
Austin, Texas 78701
Tel: (512) 495-6300 / Fax: (512) 495-6300

***Attorneys for Defendant Apple Inc.***

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system on July 10, 2024.

/s/ Roger A. Denning
Roger A. Denning