# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# MIDLAND-ODESSA DIVISION

| | |
|---|---|
| RESONANT SYSTEMS, INC. d/b/a RevelHMI,<br><br>*Plaintiff*,<br><br>v.<br><br>APPLE INC.,<br><br>*Defendant*. | Case No. 7:23-cv-00077-ADA<br><br>JURY TRIAL DEMANDED<br><br>PUBLIC VERSION |

**APPLE INC.'S MOTION TO COMPEL ARBITRATION
AND STAY THE CASE PENDING THE ARBITRATION**

i

**TABLE OF CONTENTS**

I.   INTRODUCTION ................................................................................................................ 1
II.  BACKGROUND .................................................................................................................. 2
     A.   ███████████████████████████████████████████
          ████████████████████████████████████████. ....... 2
     B.   Four Years Later, Resonant Sues Apple. ................................................................. 3
     C.   Apple Moves to Transfer to NDCA, and Resonant Conceals ████████
          ████████████████████████████████████████. ................................ 4
     D.   Resonant Is Now Taking Discovery About ████████████████████
          ████████████████████████████████. ................................ 5
III. LEGAL STANDARDS ....................................................................................................... 6
IV.  ARGUMENT ....................................................................................................................... 6
     A.   The Court Should Compel Arbitration. ................................................................... 6
          1.   ████████████████████. ............................................................. 7
          2.   ████████████████████████████. ............................... 7
          3.   No Legal Constraints External to ████████ Foreclose Arbitration. ........... 10
          4.   Resonant's Unclean Hands Preclude Waiver. ......................................... 10
     B.   The Court Should Stay the Case Pending Arbitration ......................................... 12
V.   CONCLUSION .................................................................................................................. 13

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Apple Inc. v. Resonant Sys., Inc.*,
  Nos. IPR2024-00697, -00698, -00806, -00807, -00983 .......................................................9, 13

*AT&T Techs., Inc. v. Commc'ns Workers of Am.*,
  475 U.S. 643 (1986) ...........................................................................................................................7

*Burns v. Imagine Films Entertainment, Inc.*,
  108 F.3d 329 (2d Cir. 1997) ..........................................................................................................12

*Folse v. Richard Wolf Med. Instruments Corp.*,
  56 F.3d 603 (5th Cir. 1995) ...........................................................................................................10

*Knight v. Balkcom*,
  363 F.2d 221 (5th Cir. 1966) ....................................................................................................11, 12

*Morgan v. Sundance, Inc.*,
  596 U.S. 411 (2022) ..................................................................................................................11, 12

*Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*,
  460 U.S. 1 (1983) .............................................................................................................................10

*Nauru Phosphate Royalties, Inc. v. Drago Daic Interests, Inc.*,
  138 F.3d 160 (5th Cir. 1998) ...........................................................................................................8

*Parfi Holding AB v. Mirror Image Internet, Inc.*,
  817 A.2d 149 (Del. 2002) ............................................................................................................8, 9

*Provident Life and Acc. Ins. Co. v. Goel*,
  274 F.3d 984 (5th Cir. 2001) .........................................................................................................11

*R.M. Perez & Assocs., Inc. v. Welch*,
  960 F.2d 534 (5th Cir. 1992) .........................................................................................................10

*Reg'l Properties, Inc. v. Fin. & Real Est. Consulting Co.*,
  752 F.2d 178 (5th Cir. 1985) .........................................................................................................11

*Sunkyong Eng'g & Const. Co., LTD. v. Born, Inc.*,
  149 F.3d 1174 (5th Cir. 1998) ......................................................................................................10

*Webb v. Investacorp, Inc.*,
  89 F.3d 252 (5th Cir. 1996) ...................................................................................................6, 7, 8

*Yanez v. Conficasa Holdings, Inc.*,
     No. CIV.A. H-06-1239, 2006 WL 1734012 (S.D. Tex. June 23, 2006)....................................7

I.  **INTRODUCTION**

Apple requests that the Court enforce ███████████████████████████ that only recently came to the attention of Apple's counsel because Resonant was not forthright during venue discovery.

In 2023, when Apple moved to transfer this case to the Northern District of California, Resonant represented to Apple that ***no*** individual at Resonant had traveled to California in the past six years for ***any*** reason relating to ***any*** issue in this case.  In its opposition brief, Resonant remained silent about any ties or relationship between this case and the Northern District of California.  The Court then denied Apple's motion to transfer.

Now, in fact discovery, Resonant recently disclosed that, ████████████████

███████████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████

██████████████████     ████████████████████████████████████

███████████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████  Yet, despite Apple's objections, that is precisely what Resonant intends to do, as Resonant's counsel made clear last

1

week during a Rule 30(b)(6) deposition as well as in correspondence between the parties. ███

██████████████████████████████████ Apple therefore moves to compel arbitration of this case and to stay this case pending arbitration.

## II. BACKGROUND

    A.    ████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

█████████████████████████████████████████ Mr. Elenga is a named inventor on each of the four asserted patents, and Mr. Knodle is a named inventor on the '882 patent. Dkt. Nos. 20-1, 20-3, 20-5, and 20-7.

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

████████████████████████████

### B. Four Years Later, Resonant Sues Apple.

Resonant sued Apple in 2023, alleging infringement of the '767, '337, '830, and '882 patents. *See generally* Dkt. No. 20. The complaint does not mention ███████████ ██████████████ nor does it allege that Apple was aware of the patents pre-suit. *See id*. Resonant likely omitted ███████████████████ from its complaint to avoid a transfer motion by Apple based on ██████████████████ and because in the following ████████████ ████████████████████████████

███████████████████████████████████████████████████████
███████████████████████████████████████████████████████
███████████████████████████████████████████████████████
███████████████████████████████████████████████████████

3

██████████████████████████████████████████████████████
██████████████████████████████████████████████
████████████████████████

C. **Apple Moves to Transfer to NDCA, and Resonant Conceals** ████████
████████████████████████████████████

Apple moved to transfer this case to the Northern District of California. Dkt. No. 36. In opposing that motion, Resonant never disclosed that ████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████.

In response to Apple's Venue Interrogatory No. 3, which asked Resonant to identify all employees who "traveled to the Northern District of California . . . in the past six years for any reason relating to any issue or potential issue in This Litigation[,] including reasons relating to any Asserted Patent," Resonant asserted: "No individual at Resonant has traveled to the NDCA or WDTX in the past six years for any reason relating to any issue or potential issue in This Litigation." Ex. 5 at 8-9. In its opposition brief, Resonant similarly omitted any mention of the 2019 meeting in the transferee forum. *See generally* Dkt. No. 43-12. Mr. Elenga, too, after holding himself out as having "the most encompassing plaintiff-side knowledge relative to this case," omitted ████████████ from his declaration opposing transfer. Dkt. No. 44-20, ¶ 3. In the same declaration, Mr. Elenga asserted that if Resonant had received licensing revenue from Apple, Resonant could have avoided laying off employees in 2020. *Id.*

Omitting ████████████████████████████████ served Resonant well. The Court denied Apple's motion to transfer, and the Federal Circuit denied Apple's petition for a writ of mandamus. Dkt. No. 81; Ex. 6.

4

D. **Resonant Is Now Taking Discovery About** ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

Now, nine months after defeating Apple's transfer motion (and misrepresenting its contacts with the transferee forum), Resonant is taking discovery regarding Apple's pre-suit knowledge of the asserted patents.

On November 15, 2024, Resonant served a Rule 30(b)(6) deposition notice asking Apple to designate a corporate witness to testify about (1) "[t]he interactions [Apple] had, prior to the filing of this action, with Plaintiff and/or any named inventor of the Asserted Patents" and (2) "[t]he facts and circumstances surrounding when [Apple] first became aware of each Asserted Patent, each named inventor of each Asserted Patent, and Plaintiff." Ex. 7 at 9-10. When the parties met and conferred about those deposition topics on December 4, 2024, Resonant cited, for the first time, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ as justification for the requested testimony.

When Apple's counsel asked Resonant to explain why it failed to disclose ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ during venue discovery, Resonant did not deny that it withheld this information. Ex. 8 (12/10 email); Ex. 9 (12/13 letter); Ex. 10 (12/26 Conkle email). Instead, Resonant responded that the withheld information "would not have made any difference in the venue dispute" because Resonant "ha[s] never contended that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ are relevant to any issue or potential issue in this case." Ex. 10 (12/26/24 Conkle Email).

Last week, however, Resonant revealed its true intentions in taking discovery on ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ During the deposition of an Apple Rule 30(b)(6) witness, Resonant's counsel acknowledged on the record that Resonant is taking such discovery anticipating that "Apple [will] open[] the door by presenting related evidence." Ex. 11 (Zhang Dep. Tr.) at 187:25–188:12. Resonant's counsel then wrote in an email that Resonant "absolutely do[es] not concede

5

that we are precluded from discovering or presenting any and all communications with Apple." Ex. 12.  Thus, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Resonant is taking discovery to show Apple's pre-suit knowledge of Resonant and the asserted patents.

By taking discovery about ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮  Ex 4.  Accordingly, Apple moves to compel arbitration of all claims currently in this case and stay the case pending arbitration.

### III.  LEGAL STANDARDS

To decide a motion to compel arbitration under the Federal Arbitration Act (FAA), "courts generally conduct a two-step inquiry.  The first step is to determine whether the parties agreed to arbitrate the dispute in question. . . .  The second step is to determine whether legal constraints external to the parties' agreement foreclosed the arbitration of those claims." *Webb v. Investacorp, Inc.*, 89 F.3d 252, 257-58 (5th Cir. 1996) (quotation marks and citations omitted).  At step one, courts consider "(1) whether there is a valid agreement to arbitrate between the parties; and (2) whether the dispute in question falls within the scope of that arbitration agreement." *Id.* at 258 (citations omitted).

### IV.  ARGUMENT

    **A.**  **The Court Should Compel Arbitration.**

This Court should compel the parties to arbitrate all current claims in this case because

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

1. ██████████████████████

████████████████████████████████████████

██████████████████████████████████

████████████████████████████████
████████████████████████████████
████████████████████████████████
█████████████████████████

████████████████████████

████████████████████████████████

████████████████████████████████

████████████████████████████████

████████████████████████████████

██████████████████████

2. ████████████████████████

████████████████████████████████

████████████████████████████████

██████████████████████████

In deciding whether ████████████████████████████████ "there is a ***presumption*** of arbitrability." *AT&T Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 650 (1986) (emphasis added). Arbitration "should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." *Id.* (quotation marks and citation omitted). "Doubts should be resolved in favor of coverage." *Id.* (quotation marks and citation omitted).

Here, Resonant cannot rebut the presumption of arbitrability. ████████████
████████████████████████████████████████ ████████ ███

■■■■■■■■ ■■■■ ■■■■■■■■■■■■■■■■■■■■■■■■■■

■■■■■■■■■■■■■■■■■■■■■■■■■■■

■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■
■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■
■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■
■■■■■■■■■■■■■■■

■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

■■■■■■■■ ■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■.[2]

Applying the Delaware Supreme Court's guidance to the particular circumstances of this case, ■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

■■■■■■■■■■■■■■■■■■■■■■■■■■ Resonant is asserting patents that it ■■■■■■

■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■ Resonant's CEO, Mr. Elenga, is a named inventor on all the asserted patents and ■■■■■■■■■■

■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

■■■ Ex. 1 at 4, 13, 18; Dkt. No. 20-7 at field (63).[3] Mr. Elenga then ■■■■■■■■■■

■■■■■■■■■■■■■■■■■■■■■■■■■■

---

[1] Delaware state law applies here. "When deciding whether the parties agreed to arbitrate the dispute in question, courts generally should apply ordinary state-law principles that govern the formation of contracts." *Webb*, 89 F.3d at 258 (quotation marks and citations omitted). ■■■■■■
■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

[2] Applying Fifth Circuit law, rather than Delaware state law, would not change the calculus. *See* ■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■
■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■
■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■
■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■
■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■
■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

8

██████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████

██████████████ *Parfi*, 817 A.2d at 155.

████████████████████████████████

█████████████ as Resonant has admitted it intends to do. ████████

██████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████

███████████████, and in the face of Apple's corresponding objections, Resonant is taking discovery on ████████████████████████████ in anticipation that "Apple opens the door by presenting related evidence." Ex. 7 at 9-10; Ex. 11 at 187:21–189:14. Resonant explained that it "absolutely do[es] not concede that we are precluded from discovering or presenting any and all communications with Apple." Ex. 12. Thus, ████████████

██████████████████████████████████████████████████████████████████

████████████████████████████████████ *Parfi*, 817 A.2d at 155.

For each of these reasons, the Court should hold that █████████████████████████████████████████████████.[4]

---

[4] Another dispute ████████████████████████████████████ is whether to stay Resonant's claims pending *inter partes* review, which the Patent Trial and Appeal Board instituted on all asserted claims. *See Apple Inc. v. Resonant Sys., Inc.*, Nos. IPR2024-00697, -00698, -00806, -

9

### 3. No Legal Constraints External to ▮▮▮ Foreclose Arbitration.

The next step in the inquiry is to determine whether "some legal constraint external to the parties' agreement forecloses the arbitration of [the] disputes (as when Congress itself has evinced an intention to preclude a waiver of judicial remedies for the statutory rights at issue)." *Folse v. Richard Wolf Med. Instruments Corp.*, 56 F.3d 603, 605 (5th Cir. 1995) (quotation marks and citation omitted). Put differently, the question is "whether any federal statute or policy renders the claims nonarbitrable." *R.M. Perez & Assocs., Inc. v. Welch*, 960 F.2d 534, 538 (5th Cir. 1992).

Apple is not aware of any federal statute or policy that renders nonarbitrable the disputes ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ The Court should therefore hold that no legal constraints external to ▮▮▮▮ foreclose arbitration of these issues.

### 4. Resonant's Unclean Hands Preclude Waiver.

Having failed to disclose ▮▮▮▮▮▮▮▮▮▮▮▮▮▮ to the Court during venue discovery and affirmatively misrepresenting the facts in response to Apple's venue discovery requests, Resonant cannot now argue that Apple waived its right to arbitration ▮▮▮▮▮▮▮▮▮. The Court should therefore reject any such argument by Resonant.

"Although a party seeking arbitration may waive its right to arbitration by substantially invoking the judicial process to the detriment or prejudice of the other party, proof of such waiver is a ***heavy*** burden." *Sunkyong Eng'g & Const. Co., LTD. v. Born, Inc.*, 149 F.3d 1174, *6 (5th Cir. 1998) (emphasis added) (citation omitted); *see also Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25 (1983) ("[A]ny doubts concerning the scope of arbitrable issues

---

00807, -00983 (PTAB). ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability.").

Waiver is an equitable doctrine, and "one who claims such defenses must come into court with clean hands." *Reg'l Properties, Inc. v. Fin. & Real Est. Consulting Co.*, 752 F.2d 178, 182 (5th Cir. 1985); *see also Provident Life and Acc. Ins. Co. v. Goel*, 274 F.3d 984, 996 (5th Cir. 2001) ("[T]he equitable doctrines of waiver and estoppel do not permit [one] to benefit from his own dereliction." (quotation marks and citation omitted)).

Here, Resonant cannot meet its heavy burden of proving waiver because it has unclean hands. To avoid transfer to the Northern District of California, Resonant incorrectly stated that "[n]o individual at Resonant has traveled to the NDCA or WDTX in the past six years for any reason relating to any issue or potential issue in This Litigation." Ex. 5 at 8-9. Resonant's transfer briefing submitted to this Court and to the Federal Circuit also omitted the fact that ▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐

*See* Dkt. No. 43-12; Ex. 13. Having omitted damaging facts to keep the case in its preferred forum, Resonant cannot invoke the equitable doctrine of waiver to keep the case from the correct forum—arbitration.

Any argument that Apple somehow waived its right to arbitration also should be rejected because, due to Resonant's omissions and misstatements, ▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐ during a December 2024 meet and confer. Waiver "is the ***intentional*** relinquishment or abandonment of a ***known*** right." *Morgan v. Sundance, Inc.*, 596 U.S. 411, 417 (2022) (emphasis added) (quotation marks and citation omitted). "If the defendant did not know about his right . . . there cannot be an intentional relinquishment or waiver of that right." *Knight v. Balkcom*, 363 F.2d 221, 225 (5th Cir. 1966) (citations omitted).

11

In *Burns v. Imagine Films Entertainment, Inc.*, for example, the district court found waiver where the defendants litigated a case for more than a year before requesting arbitration. 108 F.3d 329, *3 (2d Cir. 1997). However, the appellate court reversed the district court's finding of waiver because the defendants were unaware of their right to arbitrate "until very shortly before they requested arbitration," and the plaintiffs "contributed to the delay in seeking arbitration (by failing to produce the [pertinent agreements] in discovery)." *Id*. As explained by the appellate court, "it makes little sense . . . to penalize" the defendants under these circumstances. *Id*.; *see also Morgan*, 596 U.S. at 417; *Knight*, 363 F.2d at 225.

The same reasoning applies here. As in *Burns*, Apple could not have intentionally relinquished its right to arbitration █████████████████████████████████████ ████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████ ███████████████████████████████████████ it also misrepresented that "[n]o individual at Resonant has traveled to the NDCA or WDTX in the past six years for any reason relating to any issue or potential issue in This Litigation." Ex. 5 at 8-9; *see also* Ex. 14 at RFP No. 11; Ex. 15 at RFP No. 30. Resonant thus contributed to the delay in seeking arbitration by concealing the facts ████████████████

For each of the foregoing reasons, Resonant's unclean hands preclude waiver.

B.     **The Court Should Stay the Case Pending Arbitration**

Section 3 of the FAA provides that where, as here, ███████████████████████ █████████████████████████, the district court "shall . . . stay the trial of the action

12

until such arbitration has been had in accordance with the terms of the agreement." 9 U.S.C. § 3. Accordingly, the Court should stay this action pending completion of arbitration.[5]

## V.   CONCLUSION

For the foregoing reasons, the Court should compel arbitration and stay the case pending completion of arbitration.

Date: January 22, 2025

Respectfully submitted,

/s/ Karrie Wheatley
Roger A. Denning (Cal. Bar No. 228998)
denning@fr.com
Michael A. Amon (Cal. Bar No. 226221)
amon@fr.com
Ryan O'Connor (Cal. Bar No. 304815)
oconnor@fr.com
Oliver Richards (Cal. Bar No. 310972)
orichards@fr.com
Joy Backer Kete (Mass. Bar No. 694323)
kete@fr.com
James Yang (Cal. Bar No. 323287)
jyang@fr.com
FISH & RICHARDSON P.C.
12860 El Camino Real, Suite 400
San Diego, CA 92130
Tel: (858) 678-5070 / Fax: (858) 678-5099

Ruffin B. Cordell (Tex. Bar No. 04820550)
cordell@fr.com
FISH & RICHARDSON P.C.
1000 Maine Ave., SW, Suite 1000
Washington, DC 20024
Tel: (202) 783-5070 / Fax: (202) 783-2331

Nitika Fiorella (Del. Bar No. 5898)

---

[5] Apple reserves the right to seek a stay pending IPR, which the Board has instituted against all asserted claims. *See Apple Inc. v. Resonant Sys., Inc.*, Nos. IPR2024-00697, -00698, -00806, -00807, -00983 (PTAB). ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇, Apple petitioned for IPR of all asserted claims. The Board's final written decisions will issue in October and December 2025, around the same time as trial in this case. Thus, Apple reserves all rights to seek a stay, in addition or in the alternative.

(*pro hac vice forthcoming*)
ngupta@fr.com
222 Delaware Avenue, 17th Floor
Wilmington, DE 19801
Tel: (302) 652-5070 / Fax: (302) 652-0607

Kathryn Quisenberry (Tex. Bar No. 24105639)
quisenberry@fr.com
Karrie Wheatley (Tex. Bar No. 24098605)
wheatley@fr.com
FISH & RICHARDSON P.C.
909 Fannin Street, Suite 2100
Houston, TX 77010
Tel: (713) 654-5300 / Fax: (713) 652-0109

Steven J. Wingard (Tex. Bar No. 00788694)
swingard@scottdoug.com
SCOTT, DOUGLAS & McCONNICO, L.L.P.
303 Colorado Street, Suite 2400
Austin, Texas 78701
Tel: (512) 495-6300 / Fax: (512) 495-6300

***Attorneys for Defendant Apple Inc.***

**CERTIFICATE OF SERVICE**

Pursuant to the Federal Rules of Civil Procedure and Local Rule CV-5, I hereby certify that, on January 22, 2025, all counsel of record who have appeared in this case are being served with a copy of the foregoing via the Court's CM/ECF system:

*/s/ Karrie Wheatley*
Karrie Wheatley

**CERTIFICATE OF CONFERENCE**

Pursuant to Local Rules CV-7(h) and (i), counsel for the parties met and conferred telephonically on January 14, 2025. Christian Conkle attended for Plaintiff. Michael Amon and Alex Pechette attended for Defendant. The parties discussed their positions on this motion. The discussions conclusively ended in an impasse, leaving an open issue for the court to resolve. Plaintiff indicated that it opposes this motion.

*/s/ Karrie Wheatley*
Karrie Wheatley