# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# MIDLAND-ODESSA DIVISION

| | |
|---|---|
| RESONANT SYSTEMS, INC., d/b/a RevelHMI,<br><br>    Plaintiff,<br><br>  v.<br><br>APPLE, INC.,<br><br>    Defendant. | Case No.  7:23-cv-00077-ADA |

## REVELHMI'S OPPOSITION TO APPLE'S MOTION TO COMPEL ARBITRATION AND STAY THE CASE PENDING THE ARBITRATION

**TABLE OF CONTENTS**

I. INTRODUCTION ................................................................................................................ 1

II. RELEVANT FACTS ........................................................................................................... 2

    A. Background of Resonant .......................................................................................... 2

    B. ................................................................................................................................. 3

    C. Resonant's Relevant Claims in This Case ................................................................ 3

III. APPLE'S MOTION TO COMPEL ARBITRATION SHOULD BE DENIED ................... 4

    A. ................................................................................................................................. 4

    B. ................................................................................................................................. 6

    C. Apple Waived Any Purported Rights to Compel Arbitration ................................ 10

    D. The Court should not issue a stay. ......................................................................... 13

# **TABLE OF AUTHORITIES**

**Cases**

*Burns v. Imagine Films Ent., Inc.*,
    108 F.3d 329 (2d Cir. 1997) .................................................................................................. 12

*Carbice Corp. of Am. v. Am. Pats. Dev. Corp.*, 283 U.S. 27, 33, supplemented, 283 U.S. 420
    (1931) ......................................................................................................................................... 8

*Coors Brewing Co. v. Molson Breweries*,
    51 F.3d 1511 (10th Cir. 1995) ................................................................................................... 8

*In re Mirant Corp.*,
    613 F.3d 584, 588 (5th Cir. 2010) ........................................................................................... 13

*Koss v. Apple*,
    Case No. 6:20-cv-665-ADA, Dkt. No. 298  (W.D. Tex. July 20, 2022) .................................... 6

*Parfi Holding AB v. Mirror Image Internet*, Inc.,
    817 A.2d 149 (Del. 2002) ........................................................................................ 1, 6, 7, 8, 9

*Yanez v. Conficasa Holdings, Inc.*,
    No. CIV.A. H-06-1239, 2006 WL 1734012 (S.D. Tex. June 23, 2006) ................................... 10

**I.    INTRODUCTION**

After more than a year of litigation, Defendant Apple, Inc. has suddenly decided to invoke

Apple's motion is also based on a blatant misinterpretation of the purported governing law. Apple claims Delaware law applies, and cites a single Delaware Supreme Court case in its brief. But that case supports Resonant, not Apple. It unambiguously holds that even

. *Parfi Holding AB v. Mirror Image Internet*, Inc., 817 A.2d 149, 155-60 (Del. 2002). Apple's motion is founded on precisely the opposite proposition. Apple urges this Court to "reach the same conclusion" as *Parfi*. The Court should do so, and find that

*Parfi* mandates that Apple's Motion should be denied.

Apple notably offers no credible excuse for waiting so long to raise                . Instead, Apple—the richest technology company in the world and a highly organized and sophisticated

1

organization—claims that it ▬▬▬▬▬▬▬▬▬▬▬▬▬. As addressed below, this contention is not credible. Even if Apple did have a basis to compel arbitration, Apple has long since waived that right by its dilatory conduct.

## II.     RELEVANT FACTS

### A.     Background of Resonant

Resonant was founded in 2010 by Robin Elenga with a focus on developing vibration technologies for consumer products. Elenga Decl. ¶ 3. In addition to developing its own consumer products, Resonant also sought to collaborate with other companies regarding its vibration technologies and had a number of business development meetings in that regard. *Id.* ¶¶ 4-5.

Elenga Decl. ¶¶ 12-16; *see* Exs. 1-2. As a result of struggles during the COVID-19 pandemic, Resonant closed down most of its consumer business operations around the end of 2021. Elenga Decl. ¶ 17.

**B.**

**C.     Resonant's Relevant Claims in This Case**

Resonant initiated this patent infringement action nearly two years ago on June 1, 2023. Dkt. 1 (Complaint). Fact discovery closes this week on February 6, 2025. Since the beginning of this case, Resonant has never alleged pre-suit willfulness against Apple for its infringement of the Asserted Patents. *See* Dkts. 1, 20 (First Amended Complaint ("FAC")), 94 (Second Amended Complaint ("SAC"), ¶¶32-33 alleging only *post-suit* willfulness). In response to Apple's Interrogatory seeking "all bases for Resonant's allegation…that Apple's supposed infringement

is/was willful," Resonant again identified the post-suit willfulness allegations in paragraphs 32-33 of the SAC. Ex. A[1], at Rog 17.

### III. APPLE'S MOTION TO COMPEL ARBITRATION SHOULD BE DENIED

**A.**

Not so. During the December 4 telephone conference, counsel for Apple raised the topic of pre-suit communications between Resonant and Apple, and in response Resonant's counsel expressly stated that Resonant would *not* seek and was *not* seeking 30(b)(6) testimony related to the presuit communications. Conkle Decl. ¶ 2. Counsel for Resonant reiterated that statement by email later that month, prior to Apple raising the present dispute, as reflect in Apple's own exhibits. Ex. 9 at 1 ("I specifically told you during our Dec. 4 call that Resonant is *not* seeking 30(b)(6) testimony in any way related

---

[1] Lettered exhibits refer to the exhibits attached to the Declaration of Christian W. Conkle, concurrently filed with this Opposition. Numbered exhibits refer to the exhibits filed concurrently with Apple's Motion.

to             (emphasis in original). And Resonant reaffirms that commitment to the Court:

Apple's attempts to muddy the water on this issue fail. Notably,

. Apple does not and cannot present authority that an undisputed question can support a motion to compel arbitration.

5

This Court previously handled a superficially similar situation in *Koss v. Apple*, Case No. 6:20-cv-665-ADA, Dkt. No. 298, at 132-84 (W.D. Tex. July 20, 2022). The parties there had agreed to an NDA regarding "pre-suit negotiations," which contained "a no-use provision that protected Apple from allegations of willful or indirect infringement." *Id.* at 132-33. An arbitrator determined that Koss breached the NDA, and on that basis the Court precluded Koss from presenting willfulness or indirect infringement evidence covered by the NDA—but did not stay the case, did not give any advisory opinions, and did not prevent Koss from putting on its case. *Id.* at 180-84.

**B.**

. Mot. at 8. Not so.

Apple contends that the question of arbitrability is governed by Delaware law.[2] Mot. at 8 n. 1. But Delaware law does not support arbitration of this dispute. The Delaware Supreme Court has expressly held that "[a]n arbitration clause, *no matter how broadly construed*, can extend only so far as the series of obligations *set forth in the underlying agreement*." *Parfi Holding AB v. Mirror Image Internet*, Inc., 817 A.2d 149, 156 (Del. 2002) (emphasis added). When a separate

---

[2] Resonant does not necessarily agree, but because Apple's claim fails even under Apple's own choice of governing law, Resonant need not and does not take a position regarding what law governs the question of arbitrability.

6

tort claim—breach of fiduciary duty in *Parfi* and patent infringement here—does not relate to the "obligations created in" the contract containing an arbitration agreement, that separate claim is not arbitrable. *Id.* at 156-57.

Apple cannot argue that *Parfi* is inapposite; this is the *only* Delaware law cited or relied on or quoted in Apple's argument that the dispute is subject to arbitration. Mot. at 7-9. Apple prominently quotes the Court's statement that the arbitration agreement "signaled an intent to *Id.* at 8 (quoting *Parfi*, 817 A.2d at 155) (emphasis added by Apple). Apple then urges this Court to "reach the same conclusion" as *Parfi*. Resonant agrees that this Court should follow *Parfi*, because *Parfi* reached precisely the opposite result from what Apple seeks.

In the sentence immediately following Apple's quotation, the Delaware Supreme Court explained that, notwithstanding the textual breadth of the arbitration clause that Apple emphasizes, "[t]he issue is whether the arbitrable contract claims are connected to the [tort] claims that are independently grounded on Delaware law." *Parfi*, 817 A.2d at 155. The Court concluded that the tort claims were *not* connected to the contract claims, and on that basis rejected the defendant's motion to compel arbitration. *Id.* at 155-59.

In particular, the Court specifically rejected the proposition that mere textual breadth was sufficient to show an intent to arbitrate independent tort claims. The lower court had concluded that, even though the tort claims did not "arise out of" the contract, they were nonetheless arbitrable because they were "in connection with" the contract. *Id.* at 157. The Court reversed and instead instructed that "the analysis [of arbitrability] must turn on the issue of whether the [tort claims] *would be assertable had there been no [contract].*" *Id.* (emphasis added). The Court concluded

7

that because the tort claims there would have been independently assertible without the contract, they were not "in connection with" the contract and thus not subject to mandatory arbitration. *Id.*

The Delaware Supreme Court also quoted, with approval, an illustration of the "principle" underlying its holding:

> [I]f two small business owners execute a sales contract including a general arbitration clause, and one assaults the other, we would think it elementary that the sales contract did not require the victim to arbitrate the tort claim because the tort claim is not related to the sales contract.... it is simply fortuitous that the parties happened to have a contractual relationship.

*Id.* at 156 n.22 (quoting *Coors Brewing Co. v. Molson Breweries*, 51 F.3d 1511, 1516 (10th Cir. 1995)).

*Parfi* dictates the result here.

, Resonant would not be able to assert its patent infringement claims against Apple. *Parfi*'s holding thus dictates that the claims are not arbitrable. And the other factual circumstances confirm that this dispute should be resolved just as *Parfi* was. Resonant is asserting tort claims for patent infringement, much as Parfi asserted tort claims for breach of fiduciary duty. *See Carbice Corp. of Am. v. Am. Pats. Dev. Corp.*, 283 U.S. 27, 33, supplemented, 283 U.S. 420 (1931) ("Infringement, whether direct or contributory, is essentially a tort, and implies invasion of some right of the patentee."). Resonant's rights are created by Federal law, not by contract, much as Parfi's rights were created by Delaware law, not by contract. The patent claims assert distinct rights and are not subject to the arbitration clause, just as the Delaware Supreme Court held that Parfi's rights were not subject to arbitration. And even if,

, the defendant in *Parfi* also relied on such factual overlap (*e.g.*, the parties' course of dealing) and the Court held that factual overlap was not enough. *Id.* at 156 ("The Court

8

of Chancery should have concentrated on the similarity of the separate *rights* pursued by plaintiffs under both the contract and the independent fiduciary duties rather than the similarity of the *conduct* that led to potential claims for both the contract and fiduciary breaches of duty.").

Apple ignored the *Parfi* analysis in its Motion, despite unambiguously being aware of the correct analysis dictated by the Delaware Supreme Court, and thereby abandoned the issue. But to be clear,

Again, Resonant does not allege pre-suit notice or willfulness.

Apple also says that Resonant

Mot at 8. This is false.

. Elenga Decl. ¶¶ 13, 14. Apple chose not to present any witness testimony in support of its motion, presumably knowing that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Apple's witness ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

9

██████████████████████████████

Apple also relies on *Yanez v. Conficasa Holdings, Inc.*, No. CIV.A. H-06-1239, 2006 WL 1734012, at *2 (S.D. Tex. June 23, 2006), ████████████████████████████████████ *Yanez* is inapposite. The claim there was for breach of the very same contract that included the arbitration clause, not for a separate tort claim as here. *Id.*

### C. Apple Waived Any Purported Rights to Compel Arbitration

Ex. 3 at 3. Yet Apple waited nearly two years since this Action began, and just 2 weeks prior to the close of fact discovery to bring this Motion to Compel Arbitration in yet another effort to escape this Court's jurisdiction. Dkt. 95-1.

Apple seeks to avoid its waiver based on the assertion—unsupported by evidence and redacted from the public record—that ███████████████████████████████████. Mot. at 11; *see also id.* at 9-10 n. 4, 13 n.5. This is implausible and must be rejected.

---

3 ██████████████████████████████████████████████████████
████████████

10

And Apple's imputations that Resonant has somehow

Specifically, Apple points to Venue Interrogatory No. 3

Mot. at 4. In Apple's own quotation, this interrogatory sought information about travel to the Northern District of California "for any reason relating to any issue or potential issue in This Litigation[,] including reasons relating to any Asserted Patent." *Id.* Resonant, after objecting to the interrogatory as overbroad and seeking Defendant's own information, gave a precise, accurate, and truthful answer: "No individual at Resonant has traveled to the NDCA or WDTX in the past six years for any reason relating to any issue or potential issue in This Litigation." *Id.* at 9.

11

This is entirely unlike the facts in *Burns v. Imagine Films Entertainment, Inc.*, the unpublished 1997 case Apple's analysis focuses on. *Burns v. Imagine Films Ent., Inc.*, 108 F.3d 329 (2d Cir. 1997). There, the arbitration provisions were set forth in "Submission Agreements" related to plaintiff's submission of screenplays to the defendant to be developed, and the plaintiff alleged the defendants released a movie based on those submitted screenplays and infringed their copyrights.

Apple has substantially invoked the judicial process in the nearly two years that this case has been pending, including multiple motions, participating in the Markman process, and extensive discovery. For example, Apple served three sets of interrogatories and sixty-five requests for production to Resonant and has responded to Resonant's written discovery. As another example, over half a dozen party depositions have taken place, and Apple has given notice of dozens of third-party subpoenas using this Court's authority. If the dispute had been submitted to arbitration, Apple would not have enjoyed the broad discovery rights conferred by this Court. If Apple's

Motion is now granted, Resonant will suffer undue prejudice from significant expenses of litigating this case thus far and Court rulings that the parties would have to re-litigate, including Markman. *In re Mirant Corp.*, 613 F.3d 584, 588 (5th Cir. 2010) ("Waiver will be found when the party seeking arbitration substantially invokes the judicial process to the detriment or prejudice of the other party."). Apple's Motion should be denied.

### D. The Court should not issue a stay.

Because there is no contractual provision for a stay, there are no issues that will be simplified or resolved by a stay. Even if Apple were allowed to separately arbitrate the issue whether Resonant can assert pre-suit knowledge or willfulness (which Resonant is not trying to do), at *best* the parties will return from a stay with an order in Apple's favor that Resonant cannot assert pre-suit knowledge or willfulness. That would change absolutely nothing.


Dated: February 5, 2025                                    Respectfully submitted,

                                                           */s/ Reza Mirzaie*

                                                           Reza Mirzaie (CA SBN 246953)
                                                           rmirzaie@raklaw.com
                                                           Paul A. Kroeger (CA SBN 229074)
                                                           pkroeger@raklaw.com
                                                           Kristopher Davis (CA SBN 329627)
                                                           kdavis@raklaw.com
                                                           Christian W. Conkle (CA SBN 306374)
                                                           cconkle@raklaw.com
                                                           Jason Wietholter (CA SBN 337139)
                                                           jwietholter@raklaw.com
                                                           RUSS AUGUST & KABAT
                                                           12424 Wilshire Blvd. 12th Floor
                                                           Los Angeles, CA 90025
                                                           Phone: (310) 826-7474
                                                           Facsimile: (310) 826-6991

                    Qi Tong (CA SBN 330347)
                    ptong@raklaw.com
                    RUSS AUGUST & KABAT
                    4925 Greenville Ave., Suite 200
                    Dallas, TX 75206
                    Phone: (310) 826-7474
                    Facsimile: (310) 826-6991

                    *Attorneys for Plaintiff Resonant Systems, Inc.*
                    *d/b/a RevelHMI*

## CERTIFICATE OF SERVICE

I hereby certify that on February 5, 2024, I electronically filed the foregoing document with the Clerk of the Court for the Western District of Texas using the ECF System which will send notification to the registered participants of the ECF System as listed on the Court's Notice of Electronic Filing.

/s/ *Reza Mirzaie*
Reza Mirzaie

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

I hereby certify that the foregoing document is authorized to be filed under seal pursuant to the Protective Order entered in this case.

/s/ *Reza Mirzaie*
Reza Mirzaie