UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
MIDLAND-ODESSA DIVISION

| | |
|---|---|
| RESONANT SYSTEMS, INC. d/b/a RevelHMI,<br><br>*Plaintiff*,<br><br>v.<br><br>APPLE INC.,<br><br>*Defendant*. | Case No. 7:23-cv-00077-ADA<br><br>JURY TRIAL DEMANDED<br><br>■■■■■■■■■■ |

**APPLE INC.'S REPLY IN SUPPORT OF ITS MOTION TO COMPEL ARBITRATION AND STAY THE CASE PENDING THE ARBITRATION**

i

**TABLE OF CONTENTS**

I. INTRODUCTION ................................................................................................................ 1
II. ARGUMENTS .................................................................................................................... 2
    A. Resonant Fails to Rebut the Strong Presumption of Arbitrability. ......................... 2
        1. Resonant Has Pursued Discovery that ▬▬▬ Prohibits. ............................. 3
        2. ▬▬▬ Requires Arbitration of All of Resonant's Claims in this Case. ....... 6
    B. Resonant Cannot Benefit from Its Intentional Decision to Conceal the Existence of ▬▬▬▬▬▬▬▬▬▬▬▬▬▬. ............................................................... 9
III. CONCLUSION .................................................................................................................. 10

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*AT&T Techs., Inc. v. Commc'ns Workers of Am.*,
  475 U.S. 643 (1986) ............................................................................................................. 2

*Bense v. Interstate Battery Sys. of Am.*,
  683 F.2d 718, 720 (2d Cir. 1982) ......................................................................................... 8

*BioCapital, LLC v. BioSystem Sols., Inc.*,
  2009 WL 1815056 (Conn. Super. Ct. June 1, 2009) ............................................................ 7

*Credit Suisse Securities (USA) LLC v. Hilliard*,
  469 F. Supp. 2d 103 (S.D.N.Y. 2007) .................................................................................. 8

*Elf Atochem N. Am., Inc. v. Jaffari*,
  727 A.2d 286 (Del. 1999) ..................................................................................................... 8

*Nauru Phosphate Royalties, Inc. v. Drago Daic Interests, Inc.*,
  138 F.3d 160 (5th Cir. 1998) ................................................................................................ 3

*Parfi Holding Ab. V. Mirror Image Internet, Inc.*,
  817 A.2d 149 (Del. 2002) ..................................................................................................... 7

*Prima Paint Corp., v. Flood & Conklin Mfg. Co.*,
  388 U.S. 395 (1967) .............................................................................................................. 3

*Provident Life and Acc. Ins. Co. v. Goel*,
  274 F.3d 984 (5th Cir. 2001) ........................................................................................... 9, 10

*Reg'l Properties, Inc. v. Fin. & Real Est. Consulting Co.*,
  752 F.2d 178 (5th Cir. 1985) ................................................................................................ 9

*Roby v. Corp. of Lloyd's*,
  996 F.2d 1353, 1361 (2d Cir. 1993) ..................................................................................... 8

*Scherk v. Alberto-Culver Co.*,
  417 U.S. 506 (1974) .............................................................................................................. 8

*Simula, Inc. v. Autoliv, Inc.*,
  175 F.3d 716 (9th Cir. 1999) ................................................................................................ 3

*Volt Info. Scis., Inc. v. Board of Trustees of Leland Stanford Jr. Univ.*,
  489 U.S. 468 (1989) .............................................................................................................. 3

**Other Authorities**

Rule 30(b)(6)..................................................................................................................1, 4

I.  **INTRODUCTION**

There should be no doubt that the subject of Resonant's current suit against Apple is related to the parties' ███████████████████████████████████████. At minimum, Resonant ███████████████████████████████████. Under either independent theory, ██████████████████████████ applies.

As to the first reason, Resonant claims that ████████████████████████████ ███████████████████████████. In deposition, though, Resonant's CEO admitted that ████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████ ██████████████████████████████. (*See* Ex. 14 at 224:24-227:10, 228:11-21, 234:18-25; D.I. 107-2 at 18.)  And removing all doubt that ████████████████████████████████ ████████████████████████████████████████████████████████████████████ ████████████████████ (D.I. 107-5 at 1.)  All of this information, including █████████ ████████████████████████████████████████████████████████████████████ ████████████████████████████ (*Id.*)  Plainly, ███████████████████████████ ████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████. Resonant cannot avoid ████████ by now attempting to rewrite and avoid that history, demonstrable from the written record and admitted in deposition testimony.

As to the second reason, Resonant claims that it hasn't breached (or attempted to breach) ████████ by seeking discovery of ████████████████████████. Contrary to Resonant's claim, though, Resonant propounded Rule 30(b)(6) deposition topics explicitly directed to ████████████████████████████ and repeatedly asked Apple's witnesses questions about

1

███████████████████████ Resonant's opposition has no answer as to why it sought discovery prohibited by ██████, and its carefully worded promises to this Court that it presently does not intend to rely on ████████████████ to support a claim of willfulness are insufficient. Resonant's promises fall short of committing not to refer to ████████████ at all at trial, and Resonant has not foreclosed pursuing its previously stated plan of later arguing that Apple has somehow opened the door to allow Resonant to rely on ████████████.

Finally, Resonant's unclean hands prevent it from invoking the equitable doctrine of waiver. Resonant confirms that it intentionally concealed ████████████████████ from its venue discovery, briefing, and argument—again claiming that ████████████████ ████ have nothing to do with this case. Resonant is wrong. At minimum, Resonant's ████████████████████████████████████████████████████████ were facts relevant to venue, which was undoubtedly an issue in the case.

Put simply, the issues in this case are closely tied ████████████████████████ ██████████████ ████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████ ██████████████████ Resonant cannot now claim that its allegations in this case and attempts ████████████████████████████████████████, nor should Resonant benefit from its intentional decision to conceal it during venue discovery. This case should be sent to arbitration.

## II.    ARGUMENTS

### A.    Resonant Fails to Rebut the Strong Presumption of Arbitrability.

As explained in Apple's opening brief, federal law strongly favors enforcing arbitration clauses. Binding Supreme Court precedent dictates a "presumption of arbitrability," and counsels that arbitration "should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." *AT&T*

2

*Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 650 (1986). Courts have routinely faced language similar to that used in ▇▇▇▇▇▇ and have universally construed it broadly to "reach all aspects of the relationship" and all claims that touch on the contract. *See, e.g.*, *Nauru Phosphate Royalties, Inc. v. Drago Daic Interests, Inc.*, 138 F.3d 160, 164–65 (5th Cir. 1998) (construing clause requiring arbitration of "[a]ny dispute . . . arising out of or in connection with or relating to this Agreement" to "reach all aspects of the relationship"); *see also Prima Paint Corp., v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 397–98 (1967) (labelling as "broad" a clause requiring arbitration of "[a]ny controversy or claim arising out of or relating to this Agreement"); *Simula, Inc. v. Autoliv, Inc.*, 175 F.3d 716, 721 (9th Cir. 1999) (noting that "[e]very court that has construed the phrase 'arising in connection with' in an arbitration clause has interpreted that language broadly"). Because any "ambiguities as to the scope of the arbitration clause itself must be resolved in favor of arbitration," *Volt Info. Scis., Inc. v. Board of Trustees of Leland Stanford Jr. Univ.*, 489 U.S. 468, 476 (1989), both (1) Resonant's attempts to ▇▇▇▇ and (2) Resonant's allegations that Apple's Taptic engine infringes its patents "touch on" ▇▇▇▇. Accordingly, both issues must be arbitrated.

Resonant fails to address, much less rebut, this strong presumption of arbitrability. Instead, Resonant obfuscates the reasons for its attempts at taking prohibited discovery and twists ▇▇▇▇▇▇▇▇▇▇. Resonant then relies on these mischaracterizations to argue that Delaware law dictates against arbitration. Resonant is wrong on all counts.

**1. Resonant Has Pursued Discovery that ▇▇▇ Prohibits.**

First, ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇.

Resonant claims (at 4) that it told Apple it "would *not* seek and was *not* seeking 30(b)(6) testimony related to ▇▇▇▇▇▇▇▇▇▇▇▇▇▇". Resonant,

3

though, propounded two Rule 30(b)(6) topics ██████████████████████████

████████████████████ (D.I. 108-2 at 9-10):

████████████████████████████████████████████████████████████████

Resonant's opposition fails to explain why—given its insistence that it doesn't want this discovery—it specifically sought it. Resonant also fails to explain why it followed through on these Rule 30(b)(6) topics ███████████████████████████████████████

████████████████████████████. (*See, e.g.,* D.I. 112-4 at 136:7-139:21.)

During calls preceding this motion, Resonant claimed it was taking a belt-and-suspenders approach to discovery and sought this information only to learn what Apple's witnesses might say if Apple brought this issue up at trial—an argument Resonant nowhere presents in its opposition. This justification makes little sense. Resonant served a Rule 30(b)(6) topic demanding Apple prepare a witness specifically to discuss ██████████████████. By doing so, Resonant attempted to ensure that Apple put up a witness to provide testimony about █████████████.

Despite Resonant propounding and following through with discovery about █████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

██████████████████████████████ (Opp. at 4.) Not so. For one, Resonant's carefully worded promise does not foreclose Resonant later arguing that Apple has somehow opened the door to this evidence—as its counsel indicated it may do when pressed during deposition. (D.I.

4

107-9 at 187:25–188:12.) But that would violate ▮▮▮▮▮▮▮▮▮▮

(See D.I. 107-4 § 4.)  Resonant's promise also does not preclude Resonant from later attempting to use this evidence for other purposes at trial.  Indeed, Resonant insists that ▮▮▮▮▮

(Opp. at 3.)  Thus, according to Resonant, it apparently should be allowed to tell the story of the

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (D.I. 107-4, at 2-3.) Resonant cannot attempt to circumvent this and back-door evidence relating to ▮▮▮▮▮ ▮▮▮▮ through some other justification.  Unless Resonant agrees not to introduce ▮▮▮▮▮▮▮▮▮▮▮ for any purpose at trial—which it has not done—a controversy remains.

Resonant points to the pre-trial conference transcript from the *Koss v. Apple* case as presenting a "similar situation."  *See* Ex. 15.  But the *Koss* pre-trial conference is not germane. There was no discussion of the specific terms of the contract, nor is there any indication that the scope of the arbitration clause in *Koss* ▮▮▮▮▮▮▮▮▮▮▮▮▮. Indeed, *Koss* involved a situation where certain disputes had already been submitted to arbitration and a decision rendered in Apple's favor.  The question presented in *Koss* was whether the arbitrator's decision—that the contract prohibited *Koss* from relying on pre-suit discussions "***for any purpose***," (*id.* at 133)—would prohibit Koss from presenting certain evidence and issues at trial.  If anything, *Koss* supports Apple's view that Resonant cannot ▮▮▮▮▮

5

███████████████████████████████████

  2.  ██████ **Requires Arbitration of All of Resonant's Claims in this Case.**

Regardless of whether Resonant ████████████████████, all of Resonant's claims in this case must be ████████████████████████████████████████████████████████████████████████████.

Resonant claims (at 9-10) that ████████████████████ ██████ Not so. As discussed in the introduction, Resonant ████████████████████ ████████████████████████████ (D.I. 107-2 at 18; D.I. 107-3.) Resonant also ████████████████████ ████████████████████████████████████████████ (*See, e.g.*, D.I. 107-5; *see also generally* D.I. 107-2.) Indeed, Resonant urged that ████████████████████ ████████████████████████████████████████ (*Id.*) ████████████████ Resonant urged ████████████████████ ████████████████████████████████████████████████████████ Irrespective of whether Resonant's patents ████████████████████████████████████████████████████████—patented technology that Resonant now asserts Apple is using without permission. Contrary to Resonant's current contention, Resonant's instant patent suit is not some independent, unrelated tort claim; rather, ████████████████████ ████████████

6

Given that Resonant misconstrues ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, its discussion of how Delaware law applies to those facts can and should be disregarded. Regardless, Resonant is also wrong on Delaware law.

Resonant relies entirely on *Parfi Holding Ab. V. Mirror Image Internet, Inc.*—a case cited by Apple in its opening brief for the proposition that the arbitration clause here is broad. 817 A.2d 149, 155 (Del. 2002). Resonant, though, goes beyond this holding and relies on the outcome of *Parfi*, arguing that because the *Parfi* court determined the dispute in that case not to be arbitrable, this Court should do the same.

Unlike the general legal principles recited in *Parfi*, the result from the application of those principles to the particular facts of that case is inapposite to the situation here. For one, the plaintiffs in *Parfi* had already brought certain of their claims to an arbitration panel in Sweden, who specifically did *not* decide the issues before the Delaware court—a fact that weighed heavily in the court's decision and distinguishes the present case. *Id.* at 158. Moreover, the *Parfi* court noted that there was additional language in the contract—▮▮▮▮▮▮▮▮—that "signals only an intent to arbitrate matters that touch on the rights and performance related to the contract," which the Court used to further interpret the "in connection with" language of the arbitration clause. *Id.* at 156; *see also id.* at 151-152 (arbitration language). Also, whereas the contract in *Parfi* did not "implicate" the fiduciary duties that the plaintiffs sought to enforce (*id.* at 156-57), ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. (D.I. 107-5.) As other courts have confirmed when considering the ***result*** in *Parfi*, that result arose because of the "unique circumstances of that case." *BioCapital, LLC v. BioSystem Sols., Inc.*, 2009 WL 1815056, at *6 (Conn. Super. Ct. June 1, 2009).

7

Regardless, courts have routinely found language such as "arising out of," "relating to" or similar words (such as "in connection with") "to encompass . . . tort claims associated with the underlying contract." *Credit Suisse Securities, (USA) LLC v. Hilliard*, 469 F. Supp. 2d 103, 107 (S.D.N.Y. 2007) (first citing *Scherk v. Alberto-Culver Co.*, 417 U.S. 506 (1974); then citing *Roby v. Corp. of Lloyd's*, 996 F.2d 1353, 1361 (2d Cir. 1993); and then citing *Bense v. Interstate Battery Sys. of Am.*, 683 F.2d 718, 720 (2d Cir. 1982)). For example, an earlier panel of the Delaware Supreme Court explicitly held that ▬▬▬ encompassed not only allegations arising out of the rights and obligations set forth in the contract, but also related tort claims. *Elf Atochem N. Am., Inc. v. Jaffari*, 727 A.2d 286, 295 (Del. 1999). Indeed, in light of Delaware's "strong public policy in favor of arbitration," the Delaware Supreme Court has held that language like that used here signals an intent "to arbitrate *all* disputed matters," lest the arbitration clause be "rendered meaningless." *Id.* (emphasis original). This Court should find the same, and order that because Resonant's patent-infringement claims ▬▬▬, this case should be sent to arbitration.

Even under Resonant's narrow view of the arbitration clause, arbitration is still mandated. Resonant claims that the arbitration clause ▬▬▬ (Opp. at 9.) Resonant itself told ▬▬▬ (D.I. 107-5.) In this suit, though Resonant doesn't claim ▬▬▬. This suit, therefore, does arise ▬▬▬.

8

**B.     Resonant Cannot Benefit from Its Intentional Decision to Conceal the Existence of** ███████████████████████████

As explained in Apple's opening brief, Resonant cannot invoke the equitable doctrine of waiver because it comes to this Court with unclean hands. *Reg'l Properties, Inc. v. Fin. & Real Est. Consulting Co.*, 752 F.2d 178, 182 (5th Cir. 1985); *see also Provident Life and Acc. Ins. Co. v. Goel*, 274 F.3d 984, 996 (5th Cir. 2001) ("[T]he equitable doctrines of waiver and estoppel do not permit [one] to benefit from his own dereliction." (quotation marks and citation omitted)). Resonant omitted ███████████████████████████ from its venue discovery responses. Having benefitted from this misrepresentation (*i.e.*, the denial of Apple's motion to transfer), Resonant cannot now further benefit by invoking waiver to avoid arbitration.

Resonant's response fails to account for its unclean hands. If anything, Resonant's response confirms that Resonant intentionally concealed ███████. Resonant attempts to justify this choice by claiming (at 11-12) that it limited its discovery response to ███████████████████████████████████████████████████████████████████████████████ As discussed above, Resonant is wrong because ███████████████████████████ are very much related to the patent infringement claims and issues in this case.

In any event, Resonant's response misses the point. Regardless as to whether ███████ ███████████████████████████████████████████████████████████████████████████ ***it was undoubtedly relevant to Apple's venue motion, i.e., an issue in this case***. Accordingly, Apple propounded a specific interrogatory seeking to learn whether ███████████████████ ███████████████████████████████████████████████████████████████████████████████ ███████ (D.I. 108 at 8-9.) And, in response, rather than disclose ███████████████████ ███████████████████████████████████████████████████████████████, Resonant said

9

exactly the opposite:



(*Id.*) There is no reasonable way to spin this response. It was an intentional misrepresentation.

Resonant also claims (at 11) that ▮▮▮ prevented it from telling the truth in response to Apple's venue interrogatories. Not so. Resonant could have disclosed that ▮▮▮. Resonant also could have alerted Apple's counsel and the Court to ▮▮▮. Resonant didn't do either of these things.

Finally, Resonant casts aspersions as to ▮▮▮. While those aspersions are incorrect, as explained in the Opening Brief, they are in any event irrelevant. Unlike Resonant, ▮▮▮, and raised it to the Court in the present Motion promptly after learning of it. Indeed, ▮▮▮.

## III.     CONCLUSION[1]

For the foregoing reasons, the Court should compel arbitration and stay the case pending arbitration.

---

[1] As Resonant's response fails to address whether any legal constraints external to ▮▮▮ foreclose any arbitration nor make any real argument as to why the case should not be stayed pending arbitration—▮▮▮—those issues are not addressed again here.

Date: February 12, 2025                             Respectfully submitted,

/s/ Michael A. Amon
Roger A. Denning (Cal. Bar No. 228998)
denning@fr.com
Michael A. Amon (Cal. Bar No. 226221)
amon@fr.com
Ryan O'Connor (Cal. Bar No. 304815)
oconnor@fr.com
Oliver Richards (Cal. Bar No. 310972)
orichards@fr.com
Joy Backer Kete (Mass. Bar No. 694323)
kete@fr.com
James Yang (Cal. Bar No. 323287)
jyang@fr.com
FISH & RICHARDSON P.C.
12860 El Camino Real, Suite 400
San Diego, CA 92130
Tel: (858) 678-5070 / Fax: (858) 678-5099

Ruffin B. Cordell (Tex. Bar No. 04820550)
cordell@fr.com
FISH & RICHARDSON P.C.
1000 Maine Ave., SW, Suite 1000
Washington, DC 20024
Tel: (202) 783-5070 / Fax: (202) 783-2331

Nitika Fiorella (Del. Bar No. 5898)
(*pro hac vice forthcoming*)
ngupta@fr.com
222 Delaware Avenue, 17th Floor
Wilmington, DE 19801
Tel: (302) 652-5070 / Fax: (302) 652-0607

Kathryn Quisenberry (Tex. Bar No. 24105639)
quisenberry@fr.com
Karrie Wheatley (Tex. Bar No. 24098605)
wheatley@fr.com
FISH & RICHARDSON P.C.
909 Fannin Street, Suite 2100
Houston, TX 77010
Tel: (713) 654-5300 / Fax: (713) 652-0109

Steven J. Wingard (Tex. Bar No. 00788694)
swingard@scottdoug.com
SCOTT, DOUGLAS & McCONNICO, L.L.P.

303 Colorado Street, Suite 2400
Austin, Texas 78701
Tel: (512) 495-6300 / Fax: (512) 495-6300

***Attorneys for Defendant Apple Inc.***

## CERTIFICATE OF SERVICE

Pursuant to the Federal Rules of Civil Procedure and Local Rule CV-5, I hereby certify that, on February 12, 2025, all counsel of record who have appeared in this case are being served with a copy of the foregoing via the Court's CM/ECF system:

/s/ Michael A. Amon
Michael A. Amon

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rules CV-7(h) and (i), counsel for the parties met and conferred telephonically on January 14, 2025. Christian Conkle attended for Plaintiff. Michael Amon and Alex Pechette attended for Defendant. The parties discussed their positions on this motion. The discussions conclusively ended in an impasse, leaving an open issue for the court to resolve. Plaintiff indicated that it opposes this motion.

/s/ Michael A. Amon
Michael A. Amon